UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| ERNEST BATISTE, #53211 § | |
| § | |
| VS. § | CIVIL ACTION NO. G-07-388 |
| § | |
| ALFRED PAIGE, *et al*, § | |

**O R D E R**

    Plaintiff, a prisoner proceeding pro se, filed this civil rights complaint under 42 U.S.C. § 1983. Plaintiff's application to proceed in forma pauperis is **GRANTED**, since he has now made appropriate arrangements to pay the full filing fee pursuant to the Prisoner Litigation Reform Act.

    When a plaintiff proceeds pursuant to 28 U.S.C. § 1915(e)(2), the court may dismiss the case if satisfied that it is frivolous or malicious. 28 U.S.C. § 1915(e)(2). A case may be dismissed for being frivolous if (1) the claim has no realistic chance of ultimate success or (2) the claim has no arguable basis in law and fact. See Pugh v. Parish of St. Tammany, 875 F.2d 436, 438 (5th Cir. 1989); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of process. Therefore, such claims are dismissible sua sponte prior to service under 28 U.S.C. § 1915(e)(2). Ali v. Higgs, 892 F.2d 438 (5th Cir. 1990).

    The facts of this case have not been sufficiently developed to enable the court to determine whether this action should proceed and service of process should be ordered, or whether it is dismissible as frivolous or malicious. The Plaintiff may be requested to furnish a more definite statement of facts, see, e.g., Watson v. Ault, 525 F.2d 886, 893 (5th Cir. 1976), and, in addition,

a hearing under Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), may be necessary to further clarify the factual underpinnings of the claims. Cay v. Estelle, 789 F.2d 318 (5th Cir. 1986).

It is, therefore, **ORDERED** that further proceedings are **STAYED** until the Court makes the appropriate determination under 28 U.S.C. § 1915(d). See Mitchell v. Sheriffs' Dep't of Lubbock County, 995 F.2d 60 (5th Cir. 1993). **The Plaintiff SHALL file no motions and SHALL conduct no discovery until authorized by the Court.**

No amendments or supplements to Plaintiff's complaint **SHALL** be filed without prior Court approval; a complete proposed amended complaint **SHALL** be attached to any motion to amend.

Plaintiff **SHALL** notify the Court of any change of address by filing a written notice of change of address with the Clerk; **failure to file such notice may result in this case being dismissed for want of prosecution.**

Plaintiff is advised that, although he proceeds pro se, this is a civil action in which, pursuant to Rule 11 of the Federal Rules of Civil Procedure, a signature on pleadings is a declaration that the allegations in the pleadings are true, to the best of Plaintiff's knowledge. If the allegations are not true, Plaintiff may be subject to sanctions including, but not limited to: (1) automatic striking of the pleading or other document; (2) dismissal of the action; (3) an order to pay to the other party the reasonable expenses incurred because of the pleading or other document, including attorney's fees; and (4) monetary fines.

The Clerk **WILL** provide a copy of this Order to the Plaintiff.

**DONE** at Galveston, Texas, this \_\_\_\_9th\_\_\_\_ day of October, 2007.

_____
John R. Froeschner
United States Magistrate Judge